1

2

3                                                    O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11   JUSTIN IVORY,
                                )        Case No. CV 07-5929-MLG
12             Plaintiff,        )
                                )        MEMORANDUM OPINION AND ORDER
13             v.               )
                                )
14   MICHAEL J. ASTRUE,          )
      Commissioner of Social     )
15   Security Administration,    )
                                )
16             Defendant.        )
                                )
17

18        Plaintiff Justin Ivory seeks judicial review of the Social Security

19   Commissioner's denial of his application for Supplemental Security

20   Income ("SSI") benefits under the Social Security Act. For the reasons

21   stated below, the Commissioner's decision is **AFFIRMED**.

22

23   **I.    Facts and Procedural History**

24        Plaintiff was born on March 27, 2001. (AR 19.) Plaintiff's mother

25   applied for SSI benefits on his behalf on October 14, 2004, alleging

26   disability due to Plaintiff's impairment of speech and language delays.

27   (*Id.*)

28   //

1      The Commissioner denied Plaintiff's application on November 19,

2 2004. (AR 59.) Administrative Law Judge ("ALJ") Richard L. Leopold held

3 a hearing on May 3, 2005, at which Plaintiff and his mother failed to

4 appear. (AR 52.) The ALJ determined that Plaintiff and his mother were

5 "non-essential witnesses," and, based solely on the record, he issued

6 a decision concluding that Plaintiff was not entitled to SSI on August

7 2, 2005. (AR 52-56.) The Social Security Administration Appeals Council

8 remanded the case to the ALJ for a new hearing on December 12, 2005,

9 finding that the ALJ needed to consider the testimony of Plaintiff's

10 mother in reaching the disability determination. (AR 73-74.)

11      The ALJ held a new hearing on September 8, 2006, at which

12 Plaintiff and his mother testified without counsel. (AR 16.) The ALJ

13 issued an unfavorable decision on October 19, 2006, in which he

14 determined that Plaintiff had not engaged in substantial gainful

15 activity, that his impairment of speech and language delays was

16 "severe," and that his impairment did not meet, medically equal, or

17 functionally equal the listings found in 20 C.F.R. Part 404, Subpart

18 P, Appendix 1. (AR 19.) The ALJ found that Plaintiff had not been

19 disabled from the alleged onset date to the decision date, and that he

20 was not entitled to SSI benefits. (*Id.*)

21      Plaintiff requested review of the ALJ's decision and submitted

22 two additional exhibits to support the claim. (AR 7, 10.) The Appeals

23 Council denied Plaintiff's request for review on July 18, 2007. (AR 4.)

24 Plaintiff timely filed this action on September 12, 2007, alleging that

25 the ALJ erred because (1) the ALJ should have determined that Plaintiff

26 functionally met the listings under 20 C.F.R. § 416.926; (2) the

27 decision is not supported by substantial evidence; and (3) the ALJ

28 improperly discounted the credibility of Plaintiff's mother in reaching

1  the disability determination. (Joint Stip. 3.) Plaintiff requests

2  remand for a new administrative hearing or the award of benefits.

3  (Joint Stip. 30.)

4

5  **II.   Standard of Review**

6       The Court must uphold the Social Security Administration's

7  disability determination unless it is not supported by substantial

8  evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528

9  F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec.*

10 *Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence

11 means more than a scintilla, but less than a preponderance; it is

12 evidence that a reasonable person might accept as adequate to support

13 a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir.

14 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir.

15 2006)). To determine whether substantial evidence supports a finding,

16 the reviewing court "must review the administrative record as a whole,

17 weighing both the evidence that supports and the evidence that detracts

18 from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715,

19 720 (9th Cir. 1996). "If the evidence can support either affirming or

20 reversing the ALJ's conclusion," the reviewing court "may not

21 substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at

22 882.

23 //

24 //

25 //

26 //

27 //

28 //

**III.  Discussion**

    **A.    The ALJ Properly Found that Plaintiff's Impairment Did Not Functionally Equal the Listings**

Under the Social Security Act, a child under the age of eighteen is considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.A. § 1382c(a)(3)(C)(i) (West 2008). A disability determination for individuals younger than eighteen requires three findings: (1) the claimant must not be performing substantial gainful work, 20 C.F.R. § 416.924(b); (2) the claimant's impairment, or combination of impairments, must be severe, 20 C.F.R. § 416.924(c); and (3) the claimant's impairment must meet, or be medically or functionally equal to, a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. When the claimant's impairment does not meet or equal an impairment in the listing, or does not meet the durational requirement, the claimant is determined not to be disabled. 20 C.F.R. § 416.924(d).

Whether an impairment "functionally equals" a listed impairment requires an inquiry into the impairment's effect on six specific areas known as domains of functioning. These domains include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To functionally equal a listed impairment, the impairment must result in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. §

4

1  416.926a(a).

2      In concluding that Plaintiff's impairment did not functionally
3  equal the listings, the ALJ relied on a state agency physician's
4  opinion regarding Plaintiff's functional limitations. (AR 17.) Samuel
5  N. Grossman, M.D., determined that Plaintiff had "less than marked"
6  limitations in the three domains of acquiring and using information,
7  attending and completing tasks, and interacting and relating with
8  others, but he had no limitation in the three domains of moving about
9  and manipulating objects, caring for himself, and health and physical
10 well-being. (AR 140-42.) Based on these determinations, Dr. Grossman
11 concluded that Plaintiff's impairment did not functionally equal the
12 listings. (AR 17-19.)

13     The ALJ made several findings in concluding that Plaintiff's
14 impairment did not functionally equal the listings. These include a
15 finding that Plaintiff's "functional ability is not extremely limited
16 in at least one or markedly limited in at least two of aforementioned
17 six domains," as required by the regulations for a finding of
18 functional equality. (AR 18-19.) Plaintiff takes issue only with this
19 finding, arguing that the record demonstrated marked limitations in
20 three of the six domains, which, if true, would render Plaintiff
21 disabled. (Joint Stip. 24-25.) Plaintiff argues that the "majority" of
22 the evidence supports his argument. (*Id.*)

23     Plaintiff relies on a teacher questionnaire completed by Faith
24 P. Mischel-Golden, M.A., which outlined her observations of Plaintiff's
25 impairments. (AR 154-60.) The questionnaire addresses each of the six
26 domains by asking the respondent to rate the claimant's abilities in
27 several specific areas within each domain on the following scale: (1)
28 no problem; (2) a slight problem; (3) an obvious problem; (4) a serious

1  problem; and (5) a very serious problem. Ms. Golden's ratings of

2  Plaintiff's abilities overall showed relatively mild limitations,

3  indicating that Plaintiff had no more than an obvious problem in any

4  area, and slight or no problems in most areas. (*Id.*)

5       Plaintiff does not dispute that Ms. Golden rated his impairments

6  as "obvious" or "slight," rather than "serious" or "very serious."

7  Instead, Plaintiff argues that the regulations do not define "obvious,"

8  and that Ms. Golden's minimal comments on the form demonstrate that

9  Plaintiff does indeed have a marked impairment. (Joint Stip. 15-25.)

10       The Court is not convinced that an "obvious" problem translates

11  into a marked limitation as defined in the regulations. A "marked"

12  limitation occurs when an impairment "interferes *seriously* with your

13  ability to independently initiate, sustain, or complete activities,"

14  and is more than moderate but less than extreme. *Id.* § 416.926a(e)(2)

15  (emphasis added). An "extreme" limitation occurs when an impairment

16  "interferes *very seriously* with your ability to independently initiate,

17  sustain, or complete activities." *Id.* § 416.926a(e)(3) (emphasis

18  added). Ms. Golden had the option of indicating that Plaintiff had

19  either a "serious" or "very serious" problem, but she instead chose the

20  lesser designations of "obvious," "slight," or "no problem" when

21  characterizing Plaintiff's limitations. Ms. Golden's comments beneath

22  her ratings simply provide additional insight into her perceptions of

23  those limitations, without purporting to modify the ratings. Contrary

24  to Plaintiff's contentions, Ms. Golden did not indicate that Plaintiff

25  suffered from any "marked" or "severe" limitations. Plaintiff's attempt

26  to recharacterize the form's content is without merit.

27       Plaintiff also relies on an evaluation completed by the Los

28  Angeles Unified School District, Division of Special Education in

1   arguing that his limitations are "marked." This two-page assessment
2   describes the nature of Plaintiff's limitations and concludes

3       [Plaintiff] does present as a child with moderate delays in
4       all  areas  of  receptive,  expressive  and  articulation
5       development. He is a child who may benefit from special
6       education  services  in  a  speech  and  language  enriched
7       program.

8   (AR 165.) Nothing in the description of Plaintiff's impairments or this
9   conclusion suggests that Plaintiff's limitations are either "marked"
10  or "severe."

11       Similarly, Plaintiff's reliance on a Preschool Team Assessment
12  Report completed by Nikoline Loba is misplaced. (AR 161-63, 166.) Ms.
13  Loba  described  both  Plaintiff's  abilities  and  his  limitations,
14  concluding,

15      Using alternative measures of assessment [Plaintiff's]
16      cognitive ability may be ... within the average range. Self
17      help skills, and motor skills are his strengths at this
18      time as reported by his mother and observation. [Plaintiff]
19      appears to be delayed in pre[-]academics, social skills and
20      communication skills, which may be affecting his ability to
21      access a preschool curriculum. [Plaintiff] does qualify for
22      special  education  services  at  this  time  as  a  child  who
23      [has] developmental delays of 25 percent in these areas.
24      These  delays  appear  to  be  adversely  affecting  his
25      educational performance and cannot be corrected without
26      special education services.

27  (AR 166.) Again, this assessment does not suggest that Plaintiff's
28  limitations were "marked" or "severe."

7

1    Plaintiff essentially argues that the mere existence of the

2  limitations translates into a "marked" impairment under the

3  regulations. The reports Plaintiff cites reveal only that Plaintiff

4  does have limitations, not that they are "marked." Plaintiff discusses

5  at length the abilities a normal child of that age should have, arguing

6  that Plaintiff's deficiencies in several areas clearly demonstrates the

7  severity of his limitations. The parties do not dispute that Plaintiff

8  has limitations; the ALJ found that his impairment was "severe" under

9  the regulations. However, the record simply does not show that

10 Plaintiff's impairments were "marked" or "severe," as required for a

11 finding of functional equivalence.

12    The ALJ's conclusion that Plaintiff's impairment did not

13 functionally equal the listings is supported by substantial evidence

14 in the record. Plaintiff is not entitled to relief on this claim.

15    **B.   Substantial Evidence Supports the ALJ's Decision**

16    Plaintiff contends that the ALJ's decision is not supported by

17 substantial evidence because the ALJ did not adequately consider and

18 clearly reject particular evidence in the record, and because the ALJ

19 did not seek the opinion of a consulting pediatrician. (Joint Stip. 4.)

20 As discussed below, Plaintiff's arguments are without merit.

21    **1.   The ALJ Adequately Considered the Record**

22    In concluding that Plaintiff was not disabled, the ALJ relied on

23 the opinion of a non-examining state agency physician, Dr. Grossman,

24 who completed the Childhood Disability Evaluation Form on November 8,

25 2004. (AR 138-43.) Dr. Grossman opined that Plaintiff's severe

26 impairments included speech and language delays, but that those

27 impairments did not meet, medically equal, or functionally equal the

28 listings. (AR 138.) The ALJ also discussed the opinion of a school

8

1 psychologist, Nikoline Loba, and referenced several other exhibits in
2 the record in reaching his decision.

3       Plaintiff contends that the ALJ erred by failing to adequately
4 discuss, and properly reject, several reports in the record. (Joint
5 Stip. 4.) Specifically, Plaintiff claims the ALJ should have discussed
6 the following documents in further detail: (1) the teacher
7 questionnaire filled out by Ms. Golden, discussed above; (2) a
8 Preschool Team Assessment Report completed by Nikoline Loba, also
9 discussed above; (3) an Infant Toddler Preschool Programs speech and
10 language report; and (4) a special education assessment plan, which
11 included an individualized education program. (Joint Stip. 10.)
12 Plaintiff acknowledges that the ALJ referenced Exhibit 3F, in which all
13 of these documents are located, but Plaintiff asserts that "it is not
14 clear in the decision which document in Exhibit 3F the ALJ was actually
15 referring to...." (Joint Stip. 5.) Plaintiff argues that the ALJ should
16 have given specific and legitimate reasons for rejecting each of these
17 reports individually. (Joint Stip. 9-10.)

18       The Court first notes that ALJ is not required to discuss every
19 piece of evidence in the record. *Vincent ex rel. Vincent v. Heckler*,
20 739 F.2d 1393, 1394 (9th Cir. 1984)(per curiam). Additionally, it is
21 clear that the ALJ did consider the reports. The ALJ referenced Exhibit
22 3F not once, but twice in the decision. Each time, the ALJ discussed
23 specific aspects of the reports in the exhibit, such as Ms. Loba's
24 description of Plaintiff's impairments, Plaintiff's abilities in
25 general, and his improvements over time. (AR 18-19.) The ALJ was not
26 required to identify each report by name.

27       Moreover, the reports at issue are lay opinions regarding
28 Plaintiff's limitations. Plaintiff acknowledges that these types of

1 | reports do not receive the same weight and consideration as physicians'
2 | opinions. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997).
3 | (Joint Stip. 9.) Nevertheless, Plaintiff correctly notes that the ALJ
4 | must give some reason for rejecting even lay opinions in reaching a
5 | disability determination. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th
6 | Cir. 2001). What Plaintiff fails to demonstrate is that the ALJ
7 | actually rejected these opinions. As discussed in detail above, the
8 | ALJ's findings are not inconsistent with any of these reports. The ALJ
9 | concluded that Plaintiff had a severe impairment of speech and language
10 | delay, but that the impairment did not meet, medically equal, or
11 | functionally equal the listings. (AR 17.) Nothing in the reports
12 | contradicts the ALJ's findings, and in fact those findings are
13 | supported by substantial evidence in the record. Accordingly, Plaintiff
14 | is not entitled to relief on this claim.

15 |     **2.   The ALJ Was Not Required to Obtain a Medical Opinion**
16 |       **from a Different Physician**

17 |     Plaintiff argues that the ALJ's reliance on Dr. Grossman's
18 | opinion was improper because Dr. Grossman is a surgeon rather than a
19 | pediatrician. (Joint Stip. 8.) The Social Security Act states, "In
20 | making any determination under this subchapter with respect to the
21 | disability of an individual who has not attained the age of 18 years
22 | ... the Commissioner of Social Security shall make reasonable efforts
23 | to ensure that a qualified pediatrician or other individual who
24 | specializes in a field of medicine appropriate to the disability of the
25 | individual ... evaluates the case of such individual." 42 U.S.C.A. §
26 | 1382c(a)(3)(I) (West 2008). Plaintiff contends that Dr. Grossman, as
27 | a surgeon, is not a qualified pediatrician, nor is there evidence that
28 | he "specializes in a field of medicine appropriate to the disability

1 | of the individual." (Joint Stip. 8-9.)

2 |      In response, Defendant notes that a second consultant, Georgianne
3 | B. Huskey, S.L.E., also signed Dr. Grossman's evaluation of Plaintiff.
4 | (Joint Stip. 13; AR 139.) According to Defendant, the "S.L.E." after
5 | Ms. Huskey's name indicates that she is a Certified Speech and Language
6 | Specialist in the State of California. (*Id.*) The regulations state that
7 | a qualified speech and language pathologist is an acceptable medical
8 | source for determining whether a claimant suffers from a speech or
9 | language impairment. 20 C.F.R. § 416.913(a)(5). Furthermore, a speech
10 | and language specialist would certainly be an "individual who
11 | specializes in a field of medicine appropriate to the disability of the
12 | individual."

13 |      Plaintiff's single reference to Ms. Hurskey in the Joint
14 | Stipulation states that "there is no indication that this individual
15 | is a physician as they have not indicated any medical specialty."
16 | (Joint Stip. 9.) In the reply section of his argument on this issue,
17 | however, Plaintiff does not dispute Defendant's assertions regarding
18 | Ms. Huskey's qualifications as a speech and language specialist.
19 | Accordingly, the Court accepts Defendant's representation that the
20 | S.L.E. designation after Ms. Huskey's name indicates that she is in
21 | fact a certified speech and language specialist. The ALJ did not err
22 | by relying on this medical opinion.

23 |      The Court concludes that the ALJ's decision is supported by
24 | substantial evidence in the record. Plaintiff's arguments are without
25 | merit.

26 | //

27 | //

28 | //

11

1          **C.    The ALJ Gave Proper Weight to the Opinion of Plaintiff's**

2               **Mother**

3          On November 29, 2004, Plaintiff's mother, Cassandra Ivory, wrote

4     a letter in support of Plaintiff's SSI claim. (AR 133-34.) In the

5     letter, Ms. Ivory characterized Plaintiff as "slow," with a short

6     attention span and impulsive behavior. She stated, "It is obvious that

7     [Plaintiff] cannot function in a regular classroom setting because of

8     his marked and severe functional limitations and disabilities that is

9     hindering him." (AR 133.)

10          The ALJ rejected Ms. Ivory's statements in reaching the

11    disability determination due to "inconsistencies between Ms. Ivory's

12    opinion and the claimant's functional limitations" and because "her

13    opinions and statements rest on non-medical factors." (AR 18.) The ALJ

14    noted that Plaintiff's medical record did not show that he had marked

15    and severe functional limitations, as claimed by Ms. Ivory. The ALJ

16    concluded that Ms. Ivory's statements were not persuasive, and he

17    disregarded them. (*Id.*)

18          Plaintiff argues that the ALJ's rejection of Ms. Ivory's lay

19    opinion regarding his limitations was improper, because the ALJ did not

20    provide specific examples of contradictions between her statements and

21    the record. (Joint Stip. 27.) Plaintiff's mother, as a non-medical lay

22    witness, can provide testimony about Plaintiff's symptoms and

23    limitations, which the ALJ is required to consider. *See Nguyen v.*

24    *Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). "Lay testimony as to a

25    claimant's symptoms is competent evidence that an ALJ must take into

26    account, unless he or she expressly determines to disregard such

27    testimony and gives reasons germane to each witness for doing so."

28    *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *see also Dodrill v.*

1 *Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). An ALJ may appropriately

2 reject a family member's opinion if it conflicts with the medical

3 record. *Lewis*, 236 F.3d at 512; *Dodrill*, 12 F.3d at 918-19.

4      As discussed above, the ALJ rejected Ms. Ivory's opinion

5 regarding the extent of Plaintiff's functional limitations because the

6 record contradicted her statements. Specifically, the ALJ stated that

7 the record showed Plaintiff did not suffer from "marked and severe

8 functional limitations," as claimed by Ms. Ivory. (AR 19.) Plaintiff

9 is correct that the ALJ did not explain in minute detail the particular

10 pieces of evidence that specifically contradicted Ms. Ivory's claim.

11 However, the decision does discuss the ALJ's reasons for concluding

12 that Plaintiff's impairments did not lead to marked and severe

13 functional limitations. The ALJ explained,

14      The claimant's reports show that the claimant has

15      demonstrated adequate functioning in his ability to

16      complete most tasks with redirection and responded [*sic*].

17      The claimant's performance improved as he became more

18      familiar with his environment and the therapist. (Exhibit

19      3F). Additional reports indicated that the claimant was

20      able to brush his teeth, care for himself, feed himself,

21      and perform activities of daily living. The claimant's fine

22      motor skills were age level as well as his gross motor

23      skills.

24 (AR 19.)

25      The ALJ did not specifically explain how Ms. Ivory's opinion that

26 Plaintiff had "marked and severe functional limitations" was

27 contradicted by the record. However, the ALJ was not required to

28 provide an exhaustive, in-depth analysis of his rationale for rejecting

1 | her opinion. The ALJ was only required to *expressly* reject the opinion
2 | and provide a "germane" reason for doing so. *Lewis*, 236 F.3d at 510-11.
3 | The ALJ complied with this obligation: he stated that Ms. Ivory's
4 | opinion was unpersuasive, and he explained that the record contradicted
5 | her opinion. The ALJ also discussed his reasons for concluding that
6 | Plaintiff's limitations were not marked. The ALJ was not required to
7 | do more, and his conclusions were supported by substantial evidence in
8 | the record. The ALJ did not err in his treatment of Ms. Ivory's lay
9 | opinion. Plaintiff is not entitled to relief on this claim.

10 |

11 | **IV. Conclusion**

12 |     For the reasons stated above, the decision of the Social Security
13 | Commissioner is **AFFIRMED.**

14 |

15 | Dated: October 21, 2008

16 |

17 | _____

18 | Marc L. Goldman
United States Magistrate Judge

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |